# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 2:-10-CR-9-1- JRG-RSP |
| | § | |
| CHADWICK RAY HOWE | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On February 28, 2013, the undersigned held a final hearing on the Government's petition (#52) to revoke supervised release. The Government was represented by Assistant United States Attorney Allen Hurst. The Defendant, Chadwick Ray Howe, was represented by Charles Van Cleef.

Chadwick Ray Howe was sentenced on January 5, 2011, before The Honorable T. John Ward of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Manufacture Methamphetamine, a Class C felony. This offense carried a statutory maximum imprisonment term of not more than 20 years. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of III, was 30 to 37 months. Chadwick Ray Howe received a downward departure and was sentenced to 18 months imprisonment and three years of supervised release subject to the standard conditions of release, plus special conditions to include that the defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. On June 28, 2012, Chadwick Ray Howe completed his period of imprisonment and began service of the supervision term.

On July 9, 2012, the Court modified Mr. Howe's conditions to include the following special conditions: 1) the defendant shall comply with the requirements of the Sex Offender

Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense, 2) under the guidance and direction of the U.S. Probation Office, the defendant shall participate in a sex offender treatment program which may include the application of physiological testing instruments.  The defendant shall pay any cost associated with treatment and testing, 3) the defendant shall not have contact of any kind with children under the age of 18 unless supervised by an adult approved by the probation officer, 4) the defendant shall not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with internet capability; computers, computer peripherals, laptop computers; iPods; Personal Digital Assistants (PDAs); portable data storage devices such as thumb drives and Flash memory; or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection.  The defendant shall also refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment, 5) the defendant shall not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. For the purpose of this special condition of supervised release, the term ˝sexually explicit conduct˝ is as defined under 18 U.S.C. § 2256(2)(A), and is not limited to the sexual exploitation of children, and 6) the defendant shall not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct.  For the purpose of this special condition of supervised release, the term ˝sexually explicit conduct˝ is as defined under 18 U.S.C. § 2256(2)(A), and is not limited to the sexual exploitation of children.

On September 6, 2012, the Court modified Mr. Howe's conditions of supervised release to include the special condition that the defendant shall not frequent any location and/or activity where minors under the age of 18 would congregate, without the prior approval or permission of the probation officer.

On October 11, 2012, the Court modified Mr. Howe's conditions of supervised release to include a special condition that the defendant shall reside in a residential reentry center.

On February 19, 2013, this petition to revoke was filed. In its petition, the Government alleges the Defendant violated the following conditions:

1) Special: The Defendant shall not have contact of any kind with children under the age of 18 unless supervised by an adult approved by the probation officer. Specifically, the Government alleges as follows: The Defendant admitted he had contact with a four-year old child with his girlfriend, who was not an adult approved by the probation officer.

2) Standard: The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Specifically, the Government alleges as follows: On August 23, 2012, Mr. Howe submitted a urine specimen that testified positive for marijuana and methamphetamine. On September 10, 2012, Mr. Howe submitted a urine specimen that tested positive for methamphetamine.

3) Special: Under the guidance and direction of the U. S. Probation Office, the Defendant shall participate in a sex offender treatment program which may include the application of physiological testing instruments. The Defendant shall pay any cost associated with treatment and testing. Specifically, the Government alleges as follows: On September 12

and 19, 2012, Mr. Howe did not attend sex offender treatment and counseling in Henderson, Texas.

4) <u>Mandatory</u>: The Defendant shall participate in a program for testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the Defendant is released from the program by the probation officer. Specifically, the Government alleges as follows: On September 19, 2012, Mr. Howe failed to attend substance abuse treatment in Henderson, Texas.

5) <u>Standard</u>: The Defendant shall not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability, cellular telephones with internet capability. The Defendant shall also refrain from the purchase, possession, or use of digital cameras, digital recorders, or any other type of recording and/or photographic equipment. Specifically, the Government alleges as follows: On December 31, 2012, Mr. Howe received an incident report at the County Rehabilitation Center (CRC) for being in possession of a cell phone with photographic capability.

The Court scheduled a revocation hearing for February 28, 2013. At the hearing on the Government's petition, and after consenting to the undersigned taking the plea, the Defendant pled true to the allegations as set forth above. Based on the Defendant's plea of true to the allegations, and with no objection by the Defendant or the Government, the undersigned found that the Defendant did violate conditions of his supervised release, as alleged in the U.S. Probation Office's petition.

The undersigned thereafter recommended that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for eight months, with one year of supervised release

to follow such term of imprisonment. Based on the foregoing, it is

**RECOMMENDED** that the Defendant's plea of true to the allegations, as set forth in the Government's petition, be **ACCEPTED**. Based upon the Defendant's plea of true to the allegations, it is further recommended that the Court find that the Defendant violated the conditions of his supervised release. It is further

**RECOMMENDED** that the Defendant's supervised release be **REVOKED**. It is further **RECOMMENDED** that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight months, with one year of supervised release to follow such term of imprisonment. It is further

**RECOMMENDED** that the Court request that the Bureau of Prisons place the Defendant in its Texarkana, Texas facility.

At the close of the February 28, 2013 revocation hearing, Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein and to the imposition of the above sentence. Defendant also waived his right to be present and speak before the District Judge imposes the recommended sentence. Therefore, the Court may act on the findings and recommendation immediately.

**SIGNED this 7th day of March, 2013.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE