# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 2:10-cr-9-JRG-RSP |
| | § | |
| CHADWICK RAY HOWE | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On May 21, 2025, the undersigned held a final hearing on the Government's petition (#66) to revoke supervised release. The Government was represented by Assistant United States Attorney Dustin Farahnak. The Defendant, Chadwick Ray Howe, was represented by Scott Rectenwald.

Chadwick Ray Howe Chadwick Ray Howe was sentenced on January 5, 2011, before The Honorable T. John Ward of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Manufacture Methamphetamine, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of III, was 30 to 37 months. Chadwick Ray Howe was subsequently sentenced to 18 months imprisonment followed by a three year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; drug aftercare; sex offender registration; sex offender treatment; no contact with children under the age of 18; shall not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with internet capability; computers, computer peripherals, labtop computers; iPods; Personal Digital Assistants(PDAs); portable data storage devices such as thumb drives and Flash memory; or any

other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection. The defendant shall also refrain from the purchase, possession, or, use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment; shall not frequent any location and/or activity where minors under the age of 18 would congregate, without prior approval or permission of the probation officer; shall not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. On June 28, 2012, Chadwick Ray Howe completed his period of imprisonment and began service of the initial supervision term.

On April 9, 2013, the defendant's initial term of supervised release was revoked and he was ordered to serve 8 months imprisonment followed by a one year term of supervised release subject to the conditions listed above. On September 20, 2013, Mr. Howe began service of his subsequent term of supervision. On April 15, 2014, the defendant's conditions were modified to include the following special condition: The defendant shall reside in a community corrections center or a community sanction center until his term of supervised release expires on September 19, 2014. While at said facility, the defendant shall abide by all the rules and regulations of the center and will be required to pay subsistence to the community corrections center or community sanction center.

On May 1, 2014, this petition to revoke was filed. In its petition, the Government alleges the Defendant violated the following conditions:

1) <u>Standard</u>:  The defendant shall answer truthfully all inquires by the probation officer and follow the instructions of the probation officer.  On March 20, 2014, Mr. Howe admitted to being untruthful to his probation officer after being questioned about his drug use.

2) <u>Standard</u>:  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.  On March 20, 2014, Mr. Howe submitted a urine specimen which tested positive for marijuana and methamphetamine. Mr. Howe admitted to using marijuana laced with methamphetamine on March 16, 2014.

3) <u>Special</u>:  The defendant shall reside in a community corrections center or a community sanction center until his term of supervised release expires on September 19, 2014. While at said facility, the defendant shall abide by all rules and regulations of the center and will be required to pay subsistence to the community corrections center or community sanction center.  On May 1, 2014, Mr. Howe was being transported by the residential reentry center van. Mr. Howe jumped out of the van at Broadway Avenue and Loop 323 in Tyler, Texas and absconded. He was unsuccessfully discharged from the residential reentry center as a program failure based upon his actions.

The Court scheduled a final revocation hearing for May 21, 2025. At the hearing on the Government's petition, and after consenting to the undersigned taking the plea, the Defendant pled true to allegation #2 as set forth above.  Based on the Defendant's plea of true to the allegations, and with no objection by the Defendant or the Government, the undersigned found that the Defendant did violate conditions of his supervised release, as alleged in the U.S. Probation Office's petition.

The undersigned thereafter recommended that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 12 months and 1 day, with no supervised

release to follow such term of imprisonment. The defendant will receive credit for time served beginning February 24, 2025. Based on the foregoing, it is

**RECOMMENDED** that the Defendant's plea of true to allegation #2, as set forth in the Government's petition, be **ACCEPTED**. Based upon the Defendant's plea of true to the allegation, it is further recommended that the Court find that the Defendant violated the conditions of his supervised release. It is further

**RECOMMENDED** that the Defendant's supervised release be **REVOKED**. It is further **RECOMMENDED** that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 12 months and 1 day, with no supervised release to follow such term of imprisonment. The defendant will receive credit for time served beginning February 24, 2025.

At the close of the May 21, 2025, final revocation hearing, Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein and to the imposition of the above sentence. Defendant also waived his right to be present and speak before the District Judge imposes the recommended sentence. Therefore, the Court may act on the findings and recommendation immediately.

**SIGNED this 29th day of May, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE